# EXHIBIT D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRADLEY SOLAREK & KAREN SOLAREK, | ) | |
| Plaintiffs, | ) | No. 1:18-cv-204 |
| | ) | Honorable Paul L. Maloney |
| -v- | ) | |
| | ) | |
| OSHTEMO CHARTER TOWNSHIP, | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION

This matter is before the Court on Defendant Oshtemo Charter Township's motion to dismiss (ECF No. 53) on Plaintiffs', Bradley and Karen Solarek, claims that Oshtemo Township violated their constitutional rights to equal protection and due process and violated the takings clause. Because Plaintiffs claims are time-barred by the applicable statute of limitations, Defendant's motion will be granted.

### I.

Only a brief recitation of the facts is necessary for resolution of Oshtemo Township's motion, and the facts pleaded by the Solareks are taken as true for purposes of the motion to dismiss.

The Solareks own property – Units 6, 7, and 8 -- in the Kellison Woods Development in Oshtemo Township, Michigan. On April 18, 2013, the Solareks suffered surface-water flooding in their basement, which they believe was caused by the construction of a home on Unit 15 of the Kellison Woods Development. The core of the Solareks' claim is that this

flooding occurred because of a series of actions taken by Oshtemo Township related to the planning and development of the Kellison Woods project.

This case reaches back to 1997, when the Oshtemo Township Planning Commission granted a permit for the development of the Kellison Woods Site Condominium. The permit was granted with conditions; the Solareks allege that the developers did not comply with these conditions, and that these compliance failures allowed the flooding to occur. Specifically, the Solareks allege that at a meeting on March 16, 2005, Oshtemo Township improperly granted approval for Phase II of the project to move forward even though the conditions for development had not yet been met by the developer. The refusal of Oshtemo Township to acknowledge the developer's lack of compliance with the permit and instead allow Phase II to begin allegedly deprived the Solareks of their civil rights of due process and equal protection and resulted in a taking of their property.

The Solareks have been pursuing this claim in various forms since 2013. In 2013, they sued William and Jill Tressel, the owners of Unit 15. During that action, the Solareks received a notice of non-parties at fault which identified Oshtemo Township as a possibly culpable party (See ECF No. 54-3). Plaintiffs did not pursue an action against the Township at that time, nor were they successful in their action against the Tressels. In October and November 2014, the Solareks sought disclosure of information from Oshtemo Township under Michigan's Freedom of Information Act (FOIA), MCL § 15.231 *et seq*. The documents disclosed by Oshtemo Township contain significant details regarding the development of the project (See ECF No. 22-2).

Then, in January 2018, the Solareks filed this case in Kalamazoo County Circuit Court. Oshtemo Township removed the case to this Court (ECF No. 1). The Solareks moved to amend their complaint; this motion was granted (ECF Nos. 12, 17). The Solareks filed an amended complaint adding, among other things, a claim for civil conspiracy against three individual defendants: James Porter, Oshtemo's municipal attorney; Marc Elliot, the township's engineer, and Libby Heiny-Cogswell, the elected supervisor of Oshtemo (ECF No. 18). These individual defendants brought a motion to dismiss this claim, which was granted because the claim is time-barred (ECF Nos. 23, 32). Oshtemo Township, the only remaining defendant, now brings this motion to dismiss (ECF No. 53).

## II.

A complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a cognizable claim has been pled in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide sufficient factual allegations that, if accepted as true, are sufficient to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, and the "claim to relief must be plausible on its face." *Id.* at 570. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

3

the misconduct alleged.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). If plaintiffs do not "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When considering a motion to dismiss, a court must accept as true all factual allegations, but need not accept any legal conclusions. *Ctr. For Bio-Ethical Reform*, 648 F.3d at 369. The Sixth Circuit has noted that courts "may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011). However, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations"; rather, "it must assert sufficient facts to prove the defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Rhodes v. R&L Carriers, Inc.*, 491 F. App'x 579, 582 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

### III.

The Solareks have brought three claims, each under 42 U.S.C. § 1983: violations of their civil rights to due process and equal protection, and an alleged constitutional taking. Claims brought under 42 U.S.C. § 1983 are subject to state statutes of limitations and tolling principles. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). The parties agree that MCL § 600.5805 sets out the applicable limitations period as three years. This three-year period begins to run when the aggrieved party knows or has reason to know of the injury that is the

4

basis of his action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). When a plaintiff is aware that there is a "possible cause of action," i.e., when a plaintiff "is aware of an injury and its possible cause," the statute of limitations begins to run. *Moll v. Abbott Labs.*, 444 Mich. 1, 23-24, 506 N.W.2d 816 (Mich. 1993). The Solareks concede that, absent some form of tolling, the statute of limitations has run. But, they argue, fraudulent concealment applies here, so the Court should toll the statute of limitations.

The limitations period may be tolled where plaintiffs do not file their action in time because of ignorance due to defendant's fraudulent concealment. *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975). Plaintiffs must plead three elements to establish fraudulent concealment: "(1) wrongful concealment of their actions by the defendant[]; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." *Id.* "Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent." *Tonegatto v. Budak*, 112 Mich. App. 575, 583, 316 N.W.2d 262 (Mich. Ct. App. 1982) (quoting *De Haan v. Winter*, 258 Mich. 293, 296. 241 N.W. 923 (Mich. 1932)). "[T]he fraud must be manifested by an affirmative act or misrepresentation." *Witherspoon v. Guilford*, 203 Mich. App. 240, 248, 511 N.W.2d 720 (Mich. Ct. App. 1994). Thus, "[t]he plaintiff must show that the defendant engaged in some arrangement or contrivance of an affirmative character designed to prevent subsequent discovery." *Id.* "[T]here must be concealment by the defendant of the existence of a claim or the identity of a potential defendant," *McClusky*

5

*v. Womack*, 188 Mich. App. 465, 472, 470 N.W.2d 443 (Mich. Ct. App. 1991), and the "plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment." *Sills v. Oakland Gen. Hosp.*, 220 Mich. App. 303, 310, 559 N.W.2d 348 (Mich. Ct. App. 1996). Importantly, "[i]f there is a known cause of action there can be no fraudulent concealment which will interfere with the operation of the statute, and in this behalf a party will be held to know what he ought to know . . . ." *Weast v. Duffie*, 272 Mich. 534, 539, 262 N.W. 401 (Mich. 1935).

Accordingly, the limitations period in this case began when the Solareks knew or had reason to know of the basis for their claims. *Collyer*, 98 F.3d at 220; *Weast*, 262 N.W. at 402. The Court has already found that the Solareks had notice of their claims no later than November 2014 (ECF No. 32 at PageID.484). Specifically, the Court found that "(1) their FOIA requests revealed the existence of the March 16, 2005 meeting by [November 2014], (2) Plaintiffs had already met with the Individual Defendants to discuss the flooding problems, and (3) they had also received the Notice of Non-Party Fault in February of 2014, which informed them that Oshtemo Township had approved of the design and/or construction of the Phase II development of the Kellison Woods Development." (*Id.*) The Court now finds that this applies to Oshtemo Township as well; the Solareks were on notice of their claims against the township no later than November 2014. Therefore, the limitations period expired in November 2017. *See* MCL § 600.5805. This action was not filed until January 2018, so it is time-barred and must be dismissed.

The Solareks allege that this analysis is incorrect, and that Oshtemo Township fraudulently concealed information that would have put them on notice of their claim.

6

However, the Solareks have failed to adequately plead the three elements of fraudulent concealment.

First: in response to Oshtemo Township's motion to dismiss, the Solareks point to only two facts that they allege constitute the wrongful concealment: first, testimony of Oshtemo Township officials in the case against the Tressels; and second, a letter from Oshtemo Township attorney James Porter to the Solareks. The first allegation, even if true, has no bearing on wrongful concealment. Oshtemo officials testified "that the owners of Unit 15 had met and exceeded all the requirements of Oshtemo's zoning and building codes in the development of Unit 15" (First Amended Complaint, ECF No. 18 at ¶ 119). This is testimony about the Tressels' actions – the owners of Unit 15 – not Oshtemo Township's actions. Further, it is testimony about Unit 15, not the Solarek's Unit 7. Therefore, it has no bearing on Oshtemo's alleged "illegal establishment of Unit 7."

The second allegation, a claim by Oshtemo Township's attorney that the developer did not do anything wrong while developing the project, carries more water as possible fraudulent concealment (*Id.* at ¶ 128). Taking the Solareks' pleadings as true, this is an affirmative statement that seems intended to dissuade them from investigating their claim further. However, this statement was made six months after the Solareks were on notice of their claim: the email was sent in May 2015, and the Solareks were on notice no later than November 2014. Therefore, even if this email satisfies the first element of wrongful concealment, it cannot satisfy the second element because it occurred *after* the Solareks were on notice that Oshtemo Township was at least possibly at fault. The Solareks have failed to show that they did not discover their claims due to Oshtemo Township's active concealment.

7

Even if the Solareks had adequately pleaded the first two elements of wrongful concealment, both the complaint and the response to Oshtemo Township's motion to dismiss are void of evidence that the Solareks met their due diligence obligation to discover the facts. The Solareks point to paragraphs 180-186 of their complaint as establishing the basis for the wrongful concealment tolling, but this portion of the complaint contains no mention of the Solarek's actions to work to uncover the alleged concealment. The Solareks do not elaborate on this in their response to Defendant's motion to dismiss, nor do they point to any other specific facts alleged in the complaint. On the Court's review of the record, the Solareks have failed to plead sufficient facts to meet this element, and the claim that the Solareks employed the requisite due diligence to discover the claims is conclusory at best.

The Solareks have failed to adequately plead fraudulent concealment. The Court stands by its previous ruling that they were on notice of their claim not later than November 2014. Therefore, the Solareks failed to initiate this action within the applicable limitations period, and the action is time-barred.

V.

Based on the foregoing, Plaintiffs' claims are barred under the applicable statute of limitations. Accordingly, Defendant is entitled to summary judgment on all claims.

8

## ORDER

For the reasons explained in this opinion, Defendant's motion for summary judgment (ECF No. 53) is **GRANTED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date: November 5, 2019                                /s/ Paul L. Maloney
                                                                                       Paul L. Maloney
                                                                                       United States District Judge